# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VELOXIS PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-909 (JDW) |
| | ) |
| ACCORD HEALTHCARE, INC. and | ) |
| INTAS PHARMACEUTICALS LTD., | ) |
| | ) |
| Defendants. | ) |

## OPENING BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

OF COUNSEL:

Alejandro Menchaca
Rajendra A. Chiplunkar
Bradley P. Loren
Ben J. Mahon
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., 34th Floor
Chicago, IL 60661
(312) 775-8000

Dated: August 18, 2023

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.     INTRODUCTION ...................................................................................................................1

II.    LEGAL STANDARD.............................................................................................................1

III.   ARGUMENT ..........................................................................................................................2

         A.     Depositions of Defendants' two corporate representatives should proceed in the first instance to avoid cumulative questioning of foreign witnesses .............2

         B.     Depositions of Defendants' witnesses should proceed by remote video conference ...................................................................................................................4

IV.   CONCLUSION.......................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Lab'ys v. TorPharm, Inc.*, 300 F.3d 1367 (Fed. Cir. 2002) ................................................. 1

*Brasfield v. Source Broadband Servs., LLC*, 255 F.R.D. 447 (W.D. Tenn. 2008) .......................... 5

*Chris-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605 (N. D. Ill. 199) ....................... 2, 4

*Farquhar v. Shelden*, 116 F.R.D. 70 (E.D. Mich. 1987) ................................................................ 5

*Gee v. Suntrust Mortgage, Inc.*, No. 10–CV–01509, 2011 WL 5597124 (N.D.Cal. 2011) ........... 5

*HIMC Corp. v. Ramchandani*, 2008 WL 706794 (W.D. Wash. 2008) .......................................... 4

*Ins. Distributors Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd.*,
    2010 WL 567233 (W.D. Tex. 2010) ......................................................................................... 5

*Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537 (4th Cir. 2004) ...................................................... 2

*In re Outsidewall Tire Litig.*, 267 F.R.D. 466 (E.D. Va. 2010) ..................................................... 4

*Pogue v. Northwestern Mut. Life Ins. Co.*, 2016 U.S. Dist. LEXIS 58405 (W.D. Ky. 2016) ........ 1

*Rodriguez v. Gusman*, 974 F.3d 108 (2d Cir. 2020) ..................................................................... 5

*Zakre v. Norddeutsche Landesbank Girozentrale,* 2003 WL 22208364 (S.D.N.Y. 2003) ............. 5

*Zuckert v. Berkliff Corp.*, 96 F.R.D. 161 (N.D. Ill. 1982) .......................................................... 1, 4

**Rules**

Fed. R. Civ. P. 26(b)(2)(C) ......................................................................................................... 2, 3
Fed. R. Civ. P. 26(c) ....................................................................................................................... 1

I.  **INTRODUCTION**

This is an ANDA case. Black letter law holds that the infringement issues in an ANDA case are controlled by the ANDA itself. *Abbott Lab'ys v. TorPharm, Inc.*, 300 F.3d 1367, 1373 (Fed. Cir. 2002) ("Because drug manufacturers are bound by strict statutory provisions to sell only those products that comport with the ANDA's description of the drug, an ANDA specification defining a proposed generic drug in a manner that directly addresses the issue of infringement will control the infringement inquiry."). Months ago, Defendants produced the ANDA and ANDA product samples from which the relevant infringement analysis must be derived. Plaintiff has now noticed the deposition of both Defendants and seven individuals. But the information that could be elicited from those witnesses will have only limited bearing on the infringement issues in this case. Accordingly, Defendants move for a protective order limiting the number, location, and mode of depositions noticed by Plaintiff.

II.  **LEGAL STANDARD**

Fed. R. Civ. P. 26(c) permits a party from whom discovery is sought to move for a protective order (among other things) "specifying the terms, including time and place" of a deposition. Fed. R. Civ. P. 26(c)(1). The general rule is that a corporation should be deposed at its principal place of business. *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982). This rule is strengthened "especially when . . . the corporation is [a] defendant . . . [and] is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum." *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005). Indeed, when as here a party seeks a corporate designee's deposition at a location other than its principal place of business, a court should issue a protective order to protect the corporation from annoyance, embarrassment, oppression, or undue burden or expense upon a finding of good cause. *See also Pogue v. Northwestern Mut. Life Ins. Co.*, 2016 U.S. Dist. LEXIS 58405, at *8 (W.D. Ky. May 3,

2016) ("[T]here is good cause for a protective order when a deposition is noticed for a location other than the defendant's place of residence.") (*citing Chris-Craft Indus. Prods., Inc. v. Kurary Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999)).

Fed. R. Civ. P. 26(b)(2)(C) also provides that a "court must limit the frequency or extent of discovery … if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." This Rule takes into account "the simple fact that [just because] requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

### III.   ARGUMENT

#### A. Depositions of Defendants' two corporate representatives should proceed in the first instance to avoid cumulative questioning of foreign witnesses

Plaintiff has noticed the following depositions: Rule 30(b)(6) of Accord and of Intas and Rule 30(b)(1) of the following individuals:

- Dr. Alpesh Pathak -- Global IP Head, Intas, Ahmedabad, India;
- Sabita Nair -- Vice Pres., Regulatory Affairs, Accord, Durham, North Carolina;
- Hemal Modi – Research Scientist, Intas. Ahmedabad, India;
- Kavan Pandya – Asst. General Manager, Pharmacokinetic Cell, Intas, Ahmedabad, India;
- Dr. Kiran Patel – Senior Research Scientist, Intas, Ahmedabad, India;
- Ashish Sehgal – Executive Vice President R&D, Intas, Ahmedabad, India;
- Akash Patel, M.D. – Medical Doctor, not an employee of either Defendant, Ahmedabad, India.

*See* Exhibits A and B.

Accord does not oppose the Rule 30(b)(6) notices or the depositions of Dr. Alpesh Pathak or Ms. Sabita Nair. In fact, Dr. Pathak and Ms. Nair are designated as Defendants' corporate representatives to address the Rule 30(b)(6) topics as outlined in Defendants' responses. *See*

2

Exhibit C. Those topics include, *inter alia*, all of the details of the ANDA filing, the ANDA formulation, and testing of the ANDA product.

As noted above, the ANDA and produced samples control the infringement questions in this civil action. *See Abbott, supra*. The depositions will serve merely to confirm the information that already has been produced in this civil action. Dr. Pathak and Ms. Nair will likely be able to address all of the topics identified by Plaintiff for deposition. Depositions of the other noticed individuals would almost certainly be merely cumulative or duplicative as the relevant information can be obtained either through the depositions of Dr. Pathak and Ms. Nair, the produced ANDA and samples, or other discovery responses, in particular Defendants' substantial responses to Plaintiff's interrogatories. *See* Declaration of Dr. Alpesh Pathak, attached as Exhibit D. In particular, as Global IP Head for Intas, Dr. Pathak's responsibilities include overseeing the activity of the individuals identified for deposition or being familiar with the development of Accord's tacrolimus extended release formulation to at least the same extent as the individuals identified for deposition. *See* Declaration of Dr. Alpesh Pathak, attached as Exhibit D, ¶ 9.

Accordingly, Defendants submit that it is appropriate for the parties to proceed with the depositions of Dr. Pathak and Ms. Nair in the first instance, especially in light of the fact that the produced ANDA and samples control the infringement inquiry. *See Abbott, supra*; Fed. R. Civ. P. 26(b)(2)(C) ("limit the frequency or extent of discovery … if … unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."). To the extent that Plaintiff has not discovered the details surrounding the ANDA and the actual product samples through the depositions of Dr. Pathak and Ms. Nair, Defendants submit that the parties may then meet and confer in good faith for deposition of additional witnesses, at which time the parties will be in a better position to assess whether further

depositions are proportional to the needs of the case.

> **B. Depositions of Defendants' witnesses should proceed by remote video conference**

Defendants proposed that the depositions of Defendants' witnesses proceed by remote videoconference. Plaintiff indicated that the depositions shall proceed in person in the United States, assuming that numerous individuals would be flown from India to Plaintiff's offices—at huge expense and inconvenience to Defendants. As noted above, however, the general rule is that a corporation should be deposed at its principal place of business. *Zucker*, *supra* ("As a general rule, the deposition of a corporation by its agents and officers should be taken at its principal place of business. This is particularly so when the corporation is a defendant."). *See also HIMC Corp. v. Ramchandani*, 2008 WL 706794, at *2 (W.D. Wash. 2008) ("the initial presumption is that a defendant should be examined at his residence or the principal place of business"); *Chris-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N. D. Ill. 199) ("where a deposition is noticed to be taken at a location other than the corporation's principal place of business, 'the purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order.'").

Here, Intas is located in Ahmedabad, India. Accord is located in Durham, North Carolina. Plaintiff has not provided any basis for its position that the deposition of Intas or Intas' employees should take place in the United States.[1]

The above general rule applies equally to individual witnesses. *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) ("[I]nsofar as a foreign defendant may be more

---

[1] Defendants have no objection to the deposition of Accord going forward in the United States, but request that it be held by remote videoconference.

4

inconvenienced by having to travel to the United States than a defendant who merely resides in another state or in another judicial district, the presumption that the deposition should occur at a foreign defendant's place of residence may be even stronger."); *Farquhar v. Shelden*, 116 F.R.D. 70, 73 (E.D. Mich. 1987) (requiring deposition of Dutch defendant to take place in Netherlands).

To accommodate all parties and counsel, Defendants submit that the depositions of all Defendants' witnesses proceed by remote videoconference, and certainly in the case of the Intas employees located in Ahmedabad, India. Remote depositions are a common practice, especially for witnesses located abroad.

> Many courts allow depositions by videoconference when the deposed individuals live abroad. *See, e.g., United States v. One Gulfstream G-V Jet Aircraft Displaying Tail*, No. VPCES, 304 F.R.D. 10, 17-18 (D.D.C. 2014) ("Ample case law recognizes that a videoconference deposition can be an adequate substitute for an in-person deposition, particularly when significant expenses are at issue or when the deposition will cover a limited set of topics."). This is true even when there have been "claims that the difficulty of 'coordination of document review' is one reason why a video deposition would be inappropriate" as "such issues are regularly satisfied by exchanging the documents in advance." *U.S. Sec. & Exchange Comm'n v. Aly*, 320 F.R.D. 116, 119 (S.D.N.Y. 2017).

*Rodriguez v. Gusman*, 974 F.3d 108, 116 (2d Cir. 2020); s*ee also Zakre v. Norddeutsche Landesbank Girozentrale,* 2003 WL 22208364, at *2 (S.D.N.Y. Sept. 23, 2003); *Gee v. Suntrust Mortgage, Inc*., 2011 WL 5597124, at *3 (N.D.Cal. Nov. 15, 2011); *Ins. Distributors Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd*., 2010 WL 567233, at *2 (W.D. Tex. Feb. 10, 2010); *Brasfield v. Source Broadband Servs., LLC*, 255 F.R.D. 447, 450 (W.D. Tenn. 2008).

## IV.    CONCLUSION

For the foregoing reasons, Defendants seek a protective order limiting Plaintiff's noticed depositions to the Rule 30(b)(6) depositions of Accord and Intas, and the individual depositions of Dr. Alpesh Pathak and Ms. Sabita Nair, in the first instance, via remote videoconference.

|  |  |
|---|---|
| OF COUNSEL: | */s/ Sara M. Metzler* |
|  | Kelly E. Farnan (#4395) |
|  | Sara M. Metzler (#6509) |
| Alejandro Menchaca | Richards, Layton & Finger, P.A. |
| Rajendra A. Chiplunkar | One Rodney Square |
| Bradley P. Loren | 920 North King Street |
| Ben J. Mahon | Wilmington, DE 19801 |
| MCANDREWS, HELD & MALLOY, LTD. | (302) 651-7700 |
| 500 West Madison St., 34th Floor | farnan@rlf.com |
| Chicago, IL 60661 | metzler@rlf.com |
| (312) 775-8000 |  |
|  | *Attorneys for Defendants* |

Dated: August 18, 2023

6